In ascertaining the damages on a reference upon the discharge of an injunction, the question arises, whether any other allowance can be made for costs or counsel fees, than that which the Code permits to be recovered by a successful party against his adversary ?
"There may be allowed to the prevailing party, upon the judgment, certain sums by way of indemnity for his expenses in the action, which allowances are in this act termed costs.” The measure of compensation between attorney and client is left to the agreement, express or implied, of the parties. (Code, § 303.)
Held, that the import of this provision is, that the unsuccessful party shall only be subjected to the charges specified as costs, where the action takes the ordin- . ary course. But where there is a special contract as to damages, (and the injunction bond amounts to this in fact,) it will control; it will afford a new rule of estimate, and is not to be affected by the ordinary rates of allowance.
Another question, then arises, whether, if cqnnsel fees are allowable, they can only *672 "be allowed when actually paid, as it is the damage sustained which is to be repaid, not any contingent liability ?
If a party enjoined, has, by reason thereof incurred a liability, and the claim thereon is reasonable, a bond of indemnity would appear to cover such a liability as much as an actual advance; therefore, counsel fees, although unpaid, if reasonable, can be recovered in the shape of damages, in an action upon an injunction bond.
And then another important question arises, what is the effect of the Code as to the mode of ascertaining damages by an assessment under an order of reference ? What does the report, if confirmed, settle ? Can it be followed by a judgment for payment of the amount ? If it can, as to the principal and party to the action, can it be as to the sureties ? or is the only remedy an action on the undertaking ?
Held, that under the provisions of the Code on this subject, a reference establishes the amount of damages, so that they become finally liquidated as between the parties. Where there are sureties, that fact shows the propriety of directing notice to be given to them. Legal defences, which are wholly independent, will arise, and may be taken in the action on the undertaking. There is no authority in the Code to order a judgment upon the bond for the amount ascertained by the reference to be payable, even against the plaintiff and obligor. It te, therefore, the safest course to bring an action upon the undertaking.
Although the provisions of the Revised Statutes, (2 R. S. 190, 195,) which are presumed to be in force, that the Chancellor shall direct the delivery of any bond executed under the provisions of that article to the person entitled to the benefit thereof, for prosecution, whenever tibe condition thereof shall be broken, or the circumstances of the case shall require such delivery, yet the court might well decline the delivery up of an undertaking on file in these cases, (see Code, § 423,) as an inspection of it is all that is necessary, in order to draw the complaint; and upon the trial the clerk can be subpoenaed to produce it in case of dispute. The items disallowed and allowed by the court seriatim, as damages on dissolving the injunction in this case, will be found stated at the conclusion of the opinion. (Reported in 15 How. Pr. R. 329.)